J. W. FLACK v. WESTERN UNION TELEGRAPH COMPANY and Others.[1]

December 24, 1908.

Nos. 16,000—(141).

**Negligence—Question for Jury.**
> The evidence was sufficient to take this case to the jury upon the question of appellant's negligence.

Action in the district court for Ramsey county to recover $20,000 for personal injuries. The case was tried before Hallam, J., and a jury which rendered a verdict in favor of plaintiff for $500. From the judgment entered pursuant to the verdict, defendant telegraph company appealed. Affirmed.

C. M. Ferguson, and Geo. H. Fearons, for appellant.
Price Wickersham and F. W. Fulton, for respondent.

LEWIS, J.

In August, 1904, the wall and roof of a certain brick building located on the corner of Third and Cedar streets, in the city of St. Paul, became injured by a cyclone. The roofing company engaged by the owner to repair the same erected a temporary derrick on the roof of the building, and by means of a rope and pulley lowered the broken brick and material to the ground. At the same time that these repairs were going on, either appellant or the A. D. T. Company were engaged in stringing wires over that corner of the building where respondent was hurt. Under these conditions respondent approached the man in charge of receiving the pail as it was lowered,

[1] Reported in 118 N. W. 1022.
106 M.—22

and while upon the sidewalk was struck by something which fell from the roof. He recovered a verdict for the injuries sustained. At the close of respondent's evidence, appellant moved to dismiss the case upon the ground that no cause of action had been made out, and at the close of the case appellant moved for a directed verdict. This appeal is taken from the judgment entered upon the verdict.

Appellant bases his claim upon the assumption that no case was made out against it, upon the ground that the cause of the accident is pure conjecture, in that it does not appear where the brick came from which struck respondent. It is claimed that the record conclusively shows that, even if there was evidence sufficient to show that the stringing of the wires detached the brick, the men engaged in handling the wires were the employees of the A. D. T. Company and that appellant had nothing whatever to do with it. If the evidence tended to establish the fact that respondent was hurt while standing under the derrick at the place where the employees of the roofing company were doing the repairing, then there would be substantial ground for the claim that appellant was not connected with the accident; but there is evidence tending to show that respondent was not standing under the derrick, but was some little distance to one side, and that the brick which fell from above could not have been a loose brick, dropped or pushed off by the men of the repairing crew. Respondent testified that, after being struck, he looked up and saw that the wires were stretched across the brick wall immediately above where he stood, and that he later noticed a brick was missing at the point where the wires crossed the wall. The evidence is not clear that the brick which fell was the same kind and size as the one which formed a part of the coping or wall; but if the wires were being stretched across that part of the wall immediately above where respondent stood, and a brick fell and hit him on the head, the inference is fairly reasonable that the handling of the wires by appellant dislodged it.

There was some evidence tending to show that the wires, five in number, did not belong to appellant company; that three at least belonged to the A. D. T. Company, one to the Northwestern Telephone Company, and another to the North American Telegraph Company. Some of appellant's employees were engaged with employees

of the A. D. T. Company upon this occasion in raising and stretching the wires over the point indicated. Appellant claims the record shows that its employees were not at work at the time of the accident; but, if they were, they had been loaned to the A. D. T. Company and were under the control and management of that company, and appellant had nothing whatever to do with the matter. An employee of appellant company testified that he was at work at that time assisting in stretching the wires, and that such work was being carried on upon the joint account of appellant and the A. D. T. Company, that he and other men were paid by appellant, and that some of the men were paid by the A. D. T. Company. We do not find this statement conclusively combated, and, if true, appellant was engaged in adjusting the wires to the extent of making it liable, if in so doing the accident was occasioned thereby.

Affirmed.